## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LATRICE K. RATTLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22-cv-5579 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF COOK, SHERIFF'S OFFICE | ) | |
| OF COOK COUNTY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, LATRICE K. RATTLER, by and through her counsel, Jeffrey & Erwin, LLP, and complains of Defendants COUNTY OF COOK and SHERIFF'S OFFICE OF COOK COUNTY, and states as follows:

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### JURISDICTION & VENUE

1.      This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., 28 U.S.C. § 1331.

2.      Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and is employed by Defendants in this District.

### PARTIES

3.      Plaintiff, LATRICE K. RATTLER ("Plaintiff"), was at all times relevant to this suit an adult Black female residing in Homewood, Illinois. At all times relevant, Plaintiff was

1

employed by Defendants in this District. Plaintiff was hired, employed, and harmed by Defendants in this District.

4.      Defendant, County of Cook ("Defendant County"), is a Body Politic and Corporate duly authorized and doing business in Chicago, Des Plaines, and Maywood, all in Cook County, Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, and harmed Plaintiff in this District.  Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

5.      Defendant, Sheriff's Office of Cook County ("Defendant Sheriff's Office"), is a Body Politic and Corporate duly authorized and doing business in Chicago, Cook County, Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, and harmed Plaintiff in this District.  Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      On or about June 17, 2021, Plaintiff timely filed a Charge of Discrimination alleging race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2021-03151.

7.      On July 15, 2022, and at Plaintiff's request, the U.S. Department of Justice issued Plaintiff a Notice of Right to Sue Within 90 Days.

8.      Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## **UNDERLYING FACTS COMMON TO ALL COUNTS**

9.      Plaintiff's race is Black.

10.      Plaintiff was hired by Defendants in October 2008, and her employment has continued to date. Plaintiff's current position is 911 Dispatcher.

11.      In or about May 2017, Plaintiff complained to Defendants' Human Resources department regarding race discrimination due to being overlooked for opportunities to allow Plaintiff to grow within the Sheriff's Department and make additional money, and unfair training practices towards blacks.

12.      Plaintiff was advised by Supervisor Chris Lanuti that she was not considered for the acting supervisor position because she was a member of the Black Lives Matter movement.

13.      Following Plaintiff's complaint not only was action not taken but the harassment increased, and Plaintiff was retaliated against by Martin Bennett, Executive Director of Emergency Communications / 911 Center of the Cook County Sheriff's Department.

14.      Retaliation against Plaintiff by Mr. Bennett included complaints filed against her for taking photos of employees; allegations Plaintiff was pressuring coworkers to buy insurance from her; and unwarranted write-ups.

15.      Further, Plaintiff's mailbox was etched with the "Rat;" in times of a personal emergency Plaintiff was denied the selection of first lunch forcing her to use medical leave (to avoid having her pay docked), when others in similar situations were allowed first lunch; and the Director of Operations, Megan Kinsella, even participated in the harassment and retaliation of Plaintiff by belittling and yelling at her on different occasions and in the presence of Plaintiff's coworkers.

16.     Plaintiff's training and warrant duties were also removed and she was overlooked for growth opportunities, such as a chance to become acting supervisor.

17.     Because of Plaintiff's race, Plaintiff was subjected to disparate treatment and discrimination, including having her training and warrant duties removed and being overlooked for growth opportunities, such as a chance to become acting supervisor.

18.     Because Plaintiff reported discrimination, exercising a right and protected activity, she was and continues to be, subjected to escalated disparate treatment and harassment, including having her training and warrant duties removed and being overlooked for growth opportunities, such as a chance to become acting supervisor.

19.     The above-described discrimination, harassment, and retaliation caused Plaintiff severe emotional harm, resulting in a diagnosis of depression which required her to take a leave of absence from work from December 2020 through February 2021.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq
### (Defendants County and Sheriff's Office)

20.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

21.     Plaintiff (Black) is a member of a protected class.

22.     Plaintiff was qualified to perform her job and has satisfactorily performed her duties and responsibilities within Defendants' legitimate expectations.

23.     Plaintiff apprised Defendants of her race, Black.

24.     Defendants discriminated against Plaintiff because of her race by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and

discriminating against her for the same and would not have done so had Plaintiff not been Black and everything else having been the same.

25.    Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

26.    Plaintiff's race was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

27.    Defendants' discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, LATRICE K. RATTLER, respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A.    Declare, decree, and adjudge that Defendants violated Title VII;

B.    Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C.    Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D.    Order Defendants to pay the Plaintiff compensatory damages;

E.    Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F.    Award the Plaintiff her reasonable attorney's fees and costs; and

G.      Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT II – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq
### (Defendants County and Sheriff's Office)

28.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

29.     It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

30.     Plaintiff (Black) is a member of a protected class under Title VII.

31.     Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendants.

32.     Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, and has refused to promote Plaintiff.

33.     Defendants' decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that she reported discrimination.

34.     Defendants would not have retaliated against Plaintiff had she not reported the discrimination. The retaliation directly impacted her terms and conditions of employment with Defendants.

35.     Defendants' conduct constitutes unlawful retaliation in direct violation of Title VII.

36.     As a direct and proximate result of Defendants' unlawful and willful violations on the basis of retaliation, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, LATRICE K. RATTLER, respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A.     Declare, decree, and adjudge that Defendants violated Title VII;

B.     Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C.     Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D.     Order Defendants to pay the Plaintiff compensatory damages;

E.     Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F.     Award the Plaintiff her reasonable attorney's fees and costs; and

G.     Award such other and further relief as it is just and appropriate, including nominal damages.

Dated:  October 11, 2022


                                                         /s     Antonio L. Jeffrey_____
                                                            Attorney for Plaintiff


JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com